UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

QUEST SYSTEMS, LLC, as
Trustee of the 16347 Coco
Hammock Land Trust,

       Plaintiff,

v.                                 Case No: 2:21-cv-40-SPC-NPM

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for American Home Mortgage
Assets Trust 2006-2, Mortgage
Pass-Through Certificates,
Series 2006-2,

       Defendant.
_____/

**<u>OPINION AND ORDER</u>**[1]

    Before the Court is Plaintiff Quest Systems, LLC's Motion to Strike Defendant's Portion of the Joint Notice of Related Cases.  (Doc. 25).

    Under Local Rule 1.07(c), "lead counsel has a continuing duty to notify the judge of a related action pending in the Middle District or elsewhere.  The lead counsel promptly must file a 'Notice of a Related Action' that identifies

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and describes the related action." M.D. Fla. LR 1.07(c).[2] Quest argues Deutsche Bank National Trust Company ("DBNTC") is improperly using Local Rule 1.07(c) to "inflame this Court's passions." (Doc. 25 at 1, 3). Quest's attorney, Lee Segal,[3] asserts the cases found in the Joint Notice of a Related Action (Doc. 22) ("Notice") have nothing to do with this case.

Quest's own filing torpedoes this argument. The Court has received the exact same motion across four cases, all of which are listed on the Notice—2:21-cv-9-SPC-NPM (Doc. 29); 2:21-cv-37-SPC-NPM (Doc. 28); 2:21-cv-40-SPC-NPM (Doc. 25); and 2:21-cv-42-SPC-NPM (Doc. 29). Quest asserts "Defendant's counsel filed the Notice as a 'Joint Notice,' as required by the local rules. However, the Notice is not actually 'joint' in that Plaintiff and Defendant take diametrically opposed positions within it." (Doc. 25 at 4). The Notice plainly shows that Quest and DBNTC take different views, with Quest asserting there are no related cases and DBNTC asserting there are over 50 related cases. The Notice is clear in that only DBNTC asserts there are related cases. Local Rule 1.07(c) does not require the parties agree on which cases are related, nor does it allow Quest to unilaterally dictate which cases DBNTC views as related to the instant proceeding. The Notice did not contravene Local

---

[2] The Local Rules were updated effective February 1, 2021. Old Local Rule 1.04(d) imposed the same obligations.
[3] Mr. Segal signed his filings in federal court as Lior Segal, but as Lee Segal in state court. Mr. Segal's Florida Bar registration information lists his name as Lee Segal, as does his admission to the Middle District of Florida.

Rule 1.07(c). See *Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, 2007 WL 2965077, at 81 (S.D. Fla. Oct. 9, 2007) (striking notice of pendency of related proceeding for "contain[ing] extensive information . . . that far exceeds the narrow scope of Local Rule 3.8" that amounted to making legal arguments).

The only other authority the Court can fathom supporting Quest's motion is Rule 12(f), which allows for striking of pleadings. Fed. R. Civ. P. 12(f). But a notice of related actions is not a pleading and provides no remedy. *E.g.*, *Whitney Info. Network, Inc. v. Weiss*, 2008 WL 11334989, at *1-*2 (M.D. Fla. Apr. 14, 2008). Rule 12(f) provides no support here.

Accordingly, it is now **ORDERED** that Plaintiff Quest Systems, LLC's Motion to Strike Defendant's Portion of the Joint Notice of Related Cases (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 8, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record